Although no objection had been made to this verdict, in the argument, yet the chief justice, in delivering the opinion’ of the Court, alluded to it,, as an important point of practice, and stated, that it was now understood to be the practice of the Court, that where the position of the cause is such, that the finding of one or more of the issues, is decisive of the cause, and renders the other issues immaterial, the jury may be discharged from finding' any verdict upon them, whether the parties consent or not. In many cases the verdict upon one issue, would seem to render a verdict upon some other issue repugnant. Suppose to debt on bond there be pleaded non est factum and a release, if the jury find for the defendant, that it is not his deed, it would seem to be repugnant for the jury to find, that the debt, either was or was not released, as the finding either way would presuppose the previous exist *17 ence of the debt, which is negatived by the finding on the first issue.
Hoar and Robinson, for the plaintiff.
Joseph Locke and H. H. Fuller, for the defendant.
A recent case in the House of Lords was referred to, showing that such is the practice in England. Powell v. Son-nett, 1 Bligh’s New Rep. 545. See also Jones v. Kennedy, 11 Pick. 125.[1]

 See Sutton v. Dana, 1 Metc. 383.